**Corrected**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0862V
UNPUBLISHED

| | |
|---|---|
| MARIA CARRILLO,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 31, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision based on Proffer;<br>Influenza (Flu); Guillain-Barré<br>Syndrome (GBS). |

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On June 12, 2019, Maria Carrillo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 2, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 9, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a Table GBS injury. On March 31, 2022, Respondent filed a proffer on an award of compensation ("Proffer"). In the Proffer, Respondent represented that Petitioner agrees with the proffered award. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award the following:**

A. **A lump sum payment of $272,063.26 (representing $22,063.26 for life care expenses expected to be incurred during the first year after judgment, and $250,000.00 for pain and suffering) in the form of a check payable to Petitioner.**

B. **A lump sum payment of $104,327.12, representing compensation for satisfaction of a Colorado Department of Health Care Policy & Financing Medicaid lien, payable jointly to Petitioner and:**

   **Colorado Department of Health Care Policy & Financing
   ATTN: Athena Mortenson
   Third Party Liability & Recoveries Section
   1570 Grant Street
   Denver, CO 80203
   State ID No.: Q195074
   TAX ID No.: 84-0644739**

   **Petitioner agrees to endorse this check to the Colorado Department of Health Care Policy & Financing.**

C. **An amount sufficient to purchase an annuity contract (subject to the conditions described in the attached Proffer, and which contract will provide payments for the life care items contained in the attached life care plan) paid to the life insurance company from which the annuity will be purchased.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARIA CARRILLO, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-862V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 12, 2019, Maria Carrillo ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered Guillain-Barré Syndrome ("GBS") resulting from an influenza ("flu") vaccination she received on October 2, 2017. Petition at 1.  On June 1, 2020, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner suffered the Table injury of GBS following a flu vaccine within the Table time period and is entitled to compensation.  ECF No. 27.  Accordingly, on June 9, 2020, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation for GBS following the influenza vaccine she received on October 2, 2017.  ECF No. 29.

I.     **Items of Compensation**

       A.     Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CNLCP, CCM, and petitioner engaged life care planner Susan Guth, LCSW, CCM, CLCP, to provide an estimation of petitioner's future vaccine-injury related needs.  For the purposes of this proffer, the term

"vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Maria Carrillo, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

  B.  <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $250,000.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

  C.  <u>Colorado Department of Health Care Policy & Financing Medicaid Lien</u>

Respondent proffers that Maria Carrillo should be awarded funds to satisfy a Colorado Department of Health Care Policy & Financing Medicaid lien in the amount of $104,327.12, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action may have against any individual as a result of any Medicaid payments Colorado Department of Health Care Policy & Financing has made to or on behalf of Maria Carrillo from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 2, 2017, under Title XIX of the Social Security Act.

  **II.**  **<u>Form of the Award</u>**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below,

and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

    A. A lump sum payment of $272,063.26, representing compensation for life care expenses expected to be incurred during the first year after judgment ($22,063.26) and pain and suffering ($250,000.00) in the form of a check payable to petitioner, Maria Carrillo.

    B. A lump sum payment of $104,327.12, representing compensation for satisfaction of a Colorado Department of Health Care Policy & Financing Medicaid lien, payable jointly to petitioner and:

> Colorado Department of Health Care Policy and Financing
> ATTN: Athena Mortenson
> Third Party Liability & Recoveries Section
> 1570 Grant Street
> Denver, CO 80203
> State ID No: Q195074
> TAX ID No: 84-0644739

Petitioner agrees to endorse this check to the Colorado Department of Health Care Policy and Financing.

    C. An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Maria Carrillo, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Maria Carrillo, is alive at the time that a particular payment is due.

---

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Maria Carrillo's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Maria Carrillo:    **$272,063.26**

    B.    Medicaid lien:    **$104,327.12**

    C.    An amount sufficient to purchase the annuity contract described above in section II.C..

---

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

s/*Emilie F. Williams*
EMILIE F. WILLIAMS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0124
Emilie.williams@usdoj.gov

Dated:   March 31, 2022

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Years 11-21 | Compensation Years 22-24 | Compensation Year 25 | Compensation Year 26 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2022 | 2023-2026 | 2027 | 2028-2031 | 2032-2042 | 2043-2045 | 2046 | 2047 |
| Medicare Part B Premium | 5% | | M | | | | | | | 2,041.20 | 2,041.20 |
| Medicare Part B Deductible | 5% | | | | | | | | | 233.00 | 233.00 |
| Primary Care | 5% | * | | 208.32 | 208.32 | 208.32 | 208.32 | 208.32 | 208.32 | 41.66 | 41.66 |
| Neurology | 5% | * | | 299.00 | 299.00 | 299.00 | 299.00 | 299.00 | 299.00 | 59.80 | 59.80 |
| Neurology Mileage | 4% | | | 9.32 | 9.32 | 9.32 | 9.32 | 9.32 | 9.32 | 9.32 | 9.32 |
| Care Management | 4% | | M | 1,980.00 | 1,980.00 | 1,320.00 | 1,320.00 | | | | |
| Magnesium | 4% | | | 10.95 | 10.95 | 10.95 | 10.95 | 10.95 | 10.95 | 10.95 | 10.95 |
| Panty Liners | 4% | | | 73.00 | 73.00 | 73.00 | 73.00 | 73.00 | 73.00 | 73.00 | 73.00 |
| Wipes | 4% | | | 50.24 | 50.24 | 50.24 | 50.24 | 50.24 | 50.24 | 50.24 | 50.24 |
| Cane | 4% | | | 16.37 | 3.27 | 3.27 | 3.27 | 3.27 | 3.27 | 3.27 | 3.27 |
| Cane Tips | 4% | | | 15.34 | 15.34 | 15.34 | 15.34 | 15.34 | 15.34 | 15.34 | 15.34 |
| Walker | 4% | | | 69.99 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 |
| Manual Wheelchair | 4% | * | | 285.00 | 57.00 | 57.00 | 57.00 | 57.00 | | | 57.00 |
| AFO | 4% | * | | 85.75 | 21.44 | 21.44 | 21.44 | 21.44 | | 17.15 | 4.29 |
| Shower Transfer Bench | 4% | | | 52.99 | 10.60 | 10.60 | 10.60 | 10.60 | 10.60 | 10.60 | 10.60 |
| Elevated Toilet Seat | 4% | | | 39.43 | 7.89 | 7.89 | 7.89 | 7.89 | 7.89 | 7.89 | 7.89 |
| Grab Bars (2) | 4% | | | 39.94 | 3.99 | 3.99 | 3.99 | 3.99 | 3.99 | 3.99 | 3.99 |
| Reacher (2) | 4% | | | 18.99 | 1.90 | 1.90 | 1.90 | 1.90 | 1.90 | 1.90 | 1.90 |
| Button Hook | 4% | | | 9.95 | 1.99 | 1.99 | 1.99 | 1.99 | 1.99 | 1.99 | 1.99 |
| Zipper Pull | 4% | | | 11.95 | 3.98 | 3.98 | 3.98 | 3.98 | 3.98 | 3.98 | 3.98 |
| Dressing Stick & Shoehorn | 4% | | | 9.95 | 3.32 | 3.32 | 3.32 | 3.32 | 3.32 | 3.32 | 3.32 |
| Built Up Handle Utensils | 4% | | | 38.53 | 12.84 | 12.84 | 12.84 | 12.84 | 12.84 | 12.84 | 12.84 |
| Physical Therapy | 4% | | | 1,800.00 | 1,800.00 | 600.00 | 200.00 | 200.00 | 200.00 | 120.00 | 120.00 |
| Physical Therapy Mileage | 4% | | | 13.18 | 13.18 | 13.18 | 4.39 | 4.39 | 4.39 | 4.39 | 4.39 |
| Occupational Therapy | 4% | | | 2,700.00 | 2,700.00 | 2,700.00 | 900.00 | 900.00 | 900.00 | 180.00 | 180.00 |
| Occpuational Therapy Mileage | 4% | | | 9.07 | 9.07 | 9.07 | 3.02 | 3.02 | 3.02 | 3.02 | 3.02 |
| Companion Care | 4% | | M | 12,896.00 | 12,896.00 | 12,896.00 | 12,896.00 | 12,896.00 | 12,896.00 | 19,344.00 | 19,344.00 |
| House Cleaning | 4% | | M | 1,320.00 | 1,320.00 | 1,320.00 | 1,320.00 | 1,320.00 | 1,320.00 | 1,320.00 | 1,320.00 |
| Pain and Suffering | | | | 250,000.00 | | | | | | | |
| Medicaid Lien | | | | 104,327.12 | | | | | | | |
| Annual Totals | | | | 376,390.38 | 21,526.64 | 19,666.64 | 17,451.80 | 16,131.80 | 16,053.36 | 23,586.85 | 23,630.99 |

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Years 11-21 | Compensation Years 22-24 | Compensation Year 25 | Compensation Year 26 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2022 | 2023-2026 | 2027 | 2028-2031 | 2032-2042 | 2043-2045 | 2046 | 2047 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($22,063.26) and pain and suffering ($250,000.00): $272,063.26
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the Colorado Department of Health Care & Financing, as reimbursement of the state's Medicaid lien: $104,327.12.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 27-31 2048-2052 | Compensation Years 32-34 2053-2055 | Compensation Years 35-Life 2056-Life |
|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% | | M | 2,041.20 | 2,041.20 | 2,041.20 |
| Medicare Part B Deductible | 5% | | | 233.00 | 233.00 | 233.00 |
| Primary Care | 5% | * | | 41.66 | 41.66 | 41.66 |
| Neurology | 5% | * | | 59.80 | 59.80 | 59.80 |
| Neurology Mileage | 4% | | | 9.32 | 9.32 | 9.32 |
| Care Management | 4% | | M | | | |
| Magnesium | 4% | | | 10.95 | 10.95 | 10.95 |
| Panty Liners | 4% | | | 73.00 | 73.00 | 73.00 |
| Wipes | 4% | | | 50.24 | 50.24 | 50.24 |
| Cane | 4% | | | 3.27 | 3.27 | 3.27 |
| Cane Tips | 4% | | | 15.34 | 15.34 | 15.34 |
| Walker | 4% | | | 14.00 | 14.00 | 14.00 |
| Manual Wheelchair | 4% | * | | 11.40 | 11.40 | 11.40 |
| AFO | 4% | * | | 4.29 | 4.29 | 4.29 |
| Shower Transfer Bench | 4% | | | 10.60 | 10.60 | 10.60 |
| Elevated Toilet Seat | 4% | | | 7.89 | 7.89 | 7.89 |
| Grab Bars (2) | 4% | | | 3.99 | 3.99 | 3.99 |
| Reacher (2) | 4% | | | 1.90 | 1.90 | 1.90 |
| Button Hook | 4% | | | 1.99 | 1.99 | 1.99 |
| Zipper Pull | 4% | | | 3.98 | 3.98 | 3.98 |
| Dressing Stick & Shoehorn | 4% | | | 3.32 | 3.32 | 3.32 |
| Built Up Handle Utensils | 4% | | | 12.84 | 12.84 | 12.84 |
| Physical Therapy | 4% | | | 120.00 | 120.00 | 120.00 |
| Physical Therapy Mileage | 4% | | | 4.39 | 4.39 | 4.39 |
| Occupational Therapy | 4% | | | 180.00 | 180.00 | 180.00 |
| Occpuational Therapy Mileage | 4% | | | 3.02 | 3.02 | 3.02 |
| Companion Care | 4% | | M | 19,344.00 | 19,344.00 | 25,792.00 |
| House Cleaning | 4% | | M | 1,320.00 | | |
| Pain and Suffering | | | | | | |
| Medicaid Lien | | | | | | |
| Annual Totals | | | | 23,585.39 | 22,265.39 | 28,713.39 |

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 27-31 2048-2052 | Compensation Years 32-34 2053-2055 | Compensation Years 35-Life 2056-Life |
|---|---|---|---|---|---|---|
| | | | | | | |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($22,063.26) and pain and suffering ($250,000.00): $272,063.26

As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the Colorado Department of Health Care & Financing, as reimbursement of the state's Medicaid lien: $104,327.12.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.