# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0862V
(not to be published)

| | |
|---|---|
| MARIA CARRILLO,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 12, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Travel Costs |

*Edward M. Kraus*, Kraus Law Group, LLC, Chicago, IL,, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 12, 2019, Maria Carrillo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome as a result of an influenza vaccine administered on October 2, 2017. Petition at 1. On March 31, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 49.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated August 4, 2022 (ECF No. 55), requesting a total award of $53,830.17 (representing $40,528.40 in fees and $13,301.77 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id*. at 1. Respondent reacted to the motion on August 26, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 56. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Edward Kraus at the following rates: $409 per hour for time billed in 2018; $418 per hour for time billed in 2019; $435 per hour for time billed in 2020; $458 per hour for time billed in 2021; and $472 per hour for time billed in 2020. *Id* at 4 – 14. The requested rates are reasonable and consistent with what has previously been awarded for work performed by Mr. Kraus, and will therefore be awarded herein as well.

## ATTORNEY COSTS

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed.Cir.1994); *Preseault v. United States,* 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.,* No. 10-0243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $13,301.77 in attorney's costs, including expenses associated with travel, medical records, postage, and expert costs. ECF No. 55 at 24. Upon review of the receipts submitted, most of the requests appear reasonable with the exception of airfare. Petitioner is requesting the reimbursement of air fare for attorneys Edward Kraus and Amy Kraus. *Id.* at 43 - 46. Mr. Kraus billed time associated with his site visit to Petitioner from May 19 – 21, 2020. However, the billing records reflet no time billed by Ms. Kraus during this time frame.

Previously, special masters have denied reimbursement for travel costs where a petitioner or counsel traveled unnecessarily early to a hearing in advance of the argument. *See*, e.g., *Gramza v. Sec'y of Health & Hum. Servs.*, No. 15-247V, 2017 WL 3574794, at *5 (Fed. Cl. Spec. Mstr. June 28, 2017) (declining to reimburse full amount of costs personally incurred by the petitioner when she and her family traveled to Washington, DC three days prior to the scheduled hearing). Such determinations have been upheld on appeal. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 732 (2011) (upholding special master's determination that it was unnecessary for

petitioner's counsel to travel two days before the argument, despite traveling from a different time zone).

As Ms. Kraus did not bill time working on this case during the travel period at issue, costs associated for her travel are not appropriately reimbursed. This reduces the awardable costs by the amount of **$466.45**. All other requested costs will be awarded.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$53,363.72** (representing $40,528.40 in fees and $12,835.32 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.